928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael W. JANIK, Plaintiff-Appellant,
Alvin Eugene Wakefield, Plaintiff,
v.
Richard F. CELESTE, Governor; George Wilson; David L.
Baker, Warden; Herbert Estis, Defendants-Appellees.
 No. 90-3851.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 S.D.Ohio, 90-00012, Holschuh, J.
 
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 3
 Michael W. Janik, a pro se Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the brief and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Janik is an inmate at the Orient Correctional Institution. Defendants are the former governor of Ohio and state corrections officials. Seeking monetary, declaratory and injunctive relief, plaintiff filed suit alleging that defendants violated his constitutional rights by unnecessarily exposing him to the virus which causes Acquired Immune Deficiency Syndrome (AIDS). Plaintiff alleged that defendants do not routinely test inmates for AIDS, nor do they automatically segregate from the general population those inmates who have tested positive for the AIDS virus. Plaintiff has also requested that AIDS inmates be identified.
 
 
 5
 The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and plaintiff responded. The district court granted defendants' motion, finding that the complaint was not actionable because plaintiff had not suffered any injury as he had not contracted AIDS, nor had he identified any specific situation in which he was exposed to a serious risk of contracting the disease. On appeal, plaintiff reasserts his claim and requests the appointment of counsel.
 
 
 6
 Initially, we note that only plaintiff Janik is recognized as an appellant in this appeal because he was the only person specifically named in the notice of appeal. Plaintiff Wakefield is not recognized as the term "et al." is insufficient to designate the appealing parties in a notice of appeal. See Minority Employees v. Tennessee Dep't of Employment Security, 901 F.2d 1327, 1330 (6th Cir.1990) (en banc), cert. denied, 111 S.Ct. 210 (1990).
 
 
 7
 Upon review, we affirm the district court's judgment as plaintiff can prove no set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff has not stated a claim for a constitutional violation because neither the failure to test inmates for AIDS nor the failure to segregate AIDS infected inmates constitutes the wanton and unnecessary infliction of pain that is prohibited by the eighth amendment. See Feigley v. Fulcomer, 720 F.Supp. 475, 480-82 (M.D.Pa.1989).
 
 
 8
 Moreover, plaintiff's claims are not actionable under Sec. 1983 because he did not suffer any actual injury as he has not contracted AIDS nor has he identified any situation that he has been placed in which would increase his exposure to the AIDS virus. See Carey v. Piphus, 435 U.S. 247, 266 (1978). Finally, prison officials should be accorded great deference in implementing policies designed to prevent the spread of AIDS in penal institutions. Cf. Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 9
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation